UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND;
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND; THE
CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK; and NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS,

                              Petitioners,

                  -v.-

LAND CRUISING PROPERTIES INC.,

                              Respondent.

21 Civ. 7877 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Petitioners Trustees of the New York City District Council of Carpenters

Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman

Retraining, Educational and Industry Fund; Trustees of the New York City

Carpenters Relief and Charity Fund; The Carpenter Contractor Alliance of

Metropolitan New York (collectively, the "Funds"); and New York City District

Council of Carpenters (the "Union," and together with the Funds, "Petitioners")

have filed this petition (the "Petition") to confirm a November 21, 2020 arbitral

award (the "Award") against Respondent Land Cruising Properties Inc.,

pursuant to Section 301 of the Labor Management Relations Act of 1947 (the

"LMRA"), *as amended*, 29 U.S.C. § 185.  In addition to seeking confirmation of

the Award, Petitioners also seek to recover pre- and post-judgment interest on

the Award and attorneys' fees and costs they have incurred in litigating this case. Respondent has not opposed the Petition, nor has it otherwise appeared in this action. For the reasons set forth below, the Court grants Petitioners' motion.

## BACKGROUND[1]

### A.   Factual Background

Respondent and the Union are parties to a series of collective bargaining agreements ("CBAs") and project labor agreements ("PLAs"), pursuant to which Respondent was required to make contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union. (Pet. ¶¶ 1, 14, 19; *see also id.*, Ex. F-G, Art. XV, Sec. 1). The CBA also provides that Respondent must furnish its books and payroll records upon the Funds' request for the purpose of conducting an audit to ensure compliance with the required benefit fund contributions. (Pet. ¶ 20).

In the event of a dispute between the parties, the CBA permits either party to initiate arbitration proceedings before a designated arbitrator. (Pet. ¶ 23). If the arbitrator finds in favor of the Funds in a dispute regarding delinquent contributions, the CBA empowers the arbitrator to award interest, liquidated damages, and costs. (*Id.* at ¶ 20).

---

[1]     The facts in this Opinion are drawn from the Petition ("Pet." (Dkt. #1)) and the exhibits appended thereto, including the Independent Building Construction Agreement in effect between July 1, 2011, and June 30, 2015 (*id.*, Ex. F); the Independent Building Construction Agreement in effect between July 1, 2017, and June 30, 2024 (*id.*, Ex. G); the January 15, 2021 Notice of Hearing (*id.*, Ex. I ("Notice of Hearing")); the April 10, 2021 Opinion and Default Award of Arbitrator (*id.*, Ex. J ("Arbitrator's Opinion")); and the time records of Petitioners' counsel (*id.*, Ex. K).

The CBA also binds the parties to the Funds' Collection Policy.  (Pet. ¶¶ 21-22).  As relevant here, the Collection Policy provides that, if Respondent fails to make its books and records available for an audit, a presumption arises that Respondent is delinquent in its contributions under the CBA.  (*Id.* at ¶ 27). If that presumption is triggered, the CBA provides that the Funds shall determine the estimated value of the delinquent contributions "based on the assumption that [Respondent's] weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period[.]"  (*Id.*).

The Collection Policy also permits the Funds to recover certain expenses incurred in arbitrating or litigating a dispute over unpaid contributions, including: (i) the delinquent contributions; (ii) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (iii) an amount equal to the greater of the amount of interest on the unpaid contributions, or liquidated damages in the amount of 20% of the unpaid contributions; and (iv) reasonable attorneys' fees and costs.  (Pet. ¶ 25).

In this case, Petitioners requested an audit of Respondent's contributions covering the period from "November 28, 2016 through the present."  (Pet. ¶ 28). Respondent failed to make its books and records available for Petitioners' requested audit.  (*Id.* at ¶ 29).  Proceeding under the CBA's arbitration clause, Petitioners initiated an arbitration proceeding before the designated arbitrator, Roger E. Maher (the "Arbitrator").  (*Id.* at ¶ 31).  The Arbitrator notified

Respondent by regular and certified mail that he would conduct a hearing on November 19, 2020.  (*Id.* at ¶ 31; *see also* Notice of Hearing).  Respondent did not appear at the hearing.  (Arbitrator's Opinion 2).  The Arbitrator found Respondent in default and proceeded to hear Petitioners' testimony and evidence.  (*Id.*).

On April 10, 2021, the Arbitrator issued the Award, finding that Respondent had violated the CBA by refusing to permit the Funds to audit its books and records.  (Arbitrator's Opinion 2).  Pursuant to this finding, the Arbitrator ordered Respondent to pay Petitioners $22,207.50, which amount consists of: (i) the estimated principal deficiency of $14,335.44; (ii) total interest of $2,104.97; (iii) liquidated damages of $2,867.09; (iv) court costs of $400; (v) attorneys' fees of $1,500; and (vi) an arbitrator's fee of $1,000.  (*Id.* at 3).  The Arbitrator also found that interest at the annual rate of 5.25% would accrue on the Award from the date of its issuance.  (*Id.*).

## B.    Procedural Background

On September 21, 2021, after Respondent failed to comply with Petitioners' demand for the Award amount (*see* Pet. ¶ 35), Petitioners filed this action to confirm the Award and recover attorneys' fees and costs incurred in filing the Petition.  (Dkt. #1).  To date, Respondent has neither filed opposition papers nor appeared in the case.

## DISCUSSION

**A.   The Court Confirms the Arbitration Award**

### 1.   Applicable Law

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process[.]"  *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007).  "To encourage and support the use of arbitration by consenting parties," the Court "uses an extremely deferential standard of review for arbitral awards."  *Id.* at 139.  The standard of review is especially deferential in this case, because "[t]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes."  *N.Y. Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997).  As the Second Circuit has observed, "[t]he LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances."  *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)).

Judicial review of an arbitration award under the LMRA is "very limited."  *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam).  Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a

judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Garvey*, 532 U.S. at 509 (internal quotation marks and alterations omitted).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. A reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement' … it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions, and the court may not grant the motion without first examining the moving party's submission to determine that it satisfactorily

demonstrates the absence of material issues of fact." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted) (quoting *D.H. Blair & Co.*, 462 F.3d at 109-10). Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks and citation omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### 2.    Analysis

The Court finds the Petition to be well-supported by the record, particularly given the deferential LMRA standard. Petitioners have established that Respondent was bound by the CBA and that the CBA obligated Respondent both to make certain contributions to the Funds and to permit audits meant to ensure that Respondent was remitting the required contributions. (Pet. ¶¶ 16-27). Petitioners have also established that Respondent failed to make its books and records available for an audit upon the Funds' request for such access. (*Id.* at ¶ 29). Accordingly, Petitioners pursued arbitration under the terms of the CBA. (*Id.* at ¶ 31).

During the arbitration proceedings, Petitioners submitted evidence pursuant to the Funds' Collection Policy establishing that Respondent's estimated delinquency was equal to $14,335.44. (Arbitrator's Opinion 2; *see also* Pet. ¶ 30). Petitioners submitted further evidence computing the additional amounts due with respect to the interest accrued on the estimated principal delinquency, liquidated damages, court costs, attorneys' fees, and the arbitrator's fee. (Arbitrator's Opinion 2). Based on this record, the Arbitrator found that the Funds were entitled to $22,207.50. (*Id.* at 3).

"Accordingly, there is much more than a 'barely colorable justification for the outcome reached.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Morgan Marine LLC*, No. 17 Civ. 1734 (ER), 2017 WL 11570458, at *3 (S.D.N.Y. Oct. 2, 2017) (quoting *Landy Michaels Realty Corp.* v. *Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)). The grounds for the Award are readily discernible from the Arbitrator's written decision, and the Award is consistent with the terms of the CBA, the Collection Policy, and undisputed testimony. (Arbitrator's Opinion 2-3; *see also* Pet. ¶¶ 28-31). Further, despite being properly served, Respondent failed to appear in this case to dispute any of the Arbitrator's findings or any component of the Award. (Pet. ¶¶ 31, 36). Both the record provided and the deferential level of review due under the LMRA require the Court to confirm the Award.

Petitioners also seek to confirm the Arbitrator's decision that prejudgment interest at the rate of 5.25% would accrue on the Award from the date of its issuance to the date of judgment in this matter. (Pet. ¶ 34; *id.* at 9).

"[W]hether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." *Waterside Ocean Navigation Co.* v. *Int'l Navigation Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984) (quoting *Lodges 743 & 1746, Int'l Ass'n of Machinists & Aerospace Workers* v. *United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975)) (explaining that there is a presumption towards granting prejudgment interest).  Courts in this District have regularly exercised their discretion to grant prejudgment interest "when confirming arbitration awards under collective bargaining agreements pursuant to [Section] 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Modular Sys. Installations, Inc.*, No. 17 Civ. 6467 (GHW), 2017 WL 4772427, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO* v. *Stone Park Assocs.*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004)).  Although "the LMRA is silent with respect to a prejudgment interest rate, the 'common practice' among courts within the Second Circuit is to grant interest at a rate of 9%[.]" *Stone Park Assocs.*, 326 F. Supp. 2d at 555; *see also N.Y.C. Dist. Council of Carpenters* v. *Tried N True Interiors LLC*, No. 20 Civ. 51 (LGS), 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020) (same).

Given "the presumption towards granting prejudgment interest, and the fact that Petitioners have requested an accrual rate lower than the general practice in this Circuit," the Court grants Petitioners' request for prejudgment interest from the date of the Award through the date of judgment in this action

9

at a rate of 5.25%.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Air Flooring Solutions, LLC*, No. 19 Civ. 11065 (KPF), 2020 WL 2571042, at *4 (S.D.N.Y. May 21, 2020) (granting prejudgment interest at the requested rate of 7.5%); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Furniture Business Solutions, LLC*, No. 20 Civ. 2867 (GHW), 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) (same).

The Court will also award post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund* v. *DV I, LLC*, No. 17 Civ. 7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018) (observing that awards of post-judgment interest in actions to confirm arbitration are mandatory).

## B.   The Court Grants in Part Petitioners' Application for Attorneys' Fees and Costs

### 1.   Applicable Law

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).  And "Section 301 of the LMRA does not provide for the recovery of attorneys' fees."  *Id.*

Although Section 301 of the LMRA does not provide for the award of attorneys' fees, there are two independent bases that support such an award here. *First*, "a contractual provision for the payment of [attorneys'] fees provides a basis to award them." *See N.Y.C. Dist. Council of Carpenters* v. *JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017). *Second*, a court may "exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith." *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012). A finding of bad faith may be made "when a challenger refuses to abide by an arbitrator's decision without justification[.]'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

To determine an appropriate attorneys' fees award, the Court must assess the reasonableness of the attorney's hourly rate and the number of hours she billed at that rate. "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)). "Hours that are

excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee." *Id.* (internal quotation marks omitted).

In addition to attorneys' fees, the prevailing party may also recover reasonable costs incurred in seeking confirmation of the petition.  Courts in this District "will generally grant 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Metroplex Serv. Grp., Inc.*, No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (quoting *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

### 2.    Analysis

The CBA and the Funds' Collection Policy provide that the Funds are entitled to recover reasonable attorneys' fees and costs incurred in collecting any unpaid contributions from a "delinquent employer."  (Pet. ¶ 39).  Here, Petitioners seek $945 in attorneys' fees and $77 in costs.  (*Id.* at ¶¶ 45-46).  Because Respondent agreed to a CBA and Collection Policy that specifically provided for the recovery of fees and costs in these circumstances, and yet failed to participate in the initial arbitration after receiving notice or to oppose Petitioners' application for confirmation of the Award, the Court concludes that Petitioners are entitled to recover their reasonable fees and costs in this case.

In support of their request for attorneys' fees, Petitioners submitted the time records of their counsel, documenting the hours worked and activities performed in support of this action.  (*See* Pet., Ex. K).  Petitioners were

represented by the law firm of Virginia & Ambinder, LLP ("V&A").  A total of 3.3 hours of work was completed by (i) one V&A partner, Nicole Marimon, who billed at $350 per hour; and (ii) one V&A associate, Adrianna R. Grancio, who billed at $275 per hour.  (Pet. ¶¶ 40-45).  On review of the time records, the number of hours expended is reasonable and the invoice reflects "sound billing practices."  *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6.

Beginning with the fees charged for Ms. Marimon's work in this case, the Court finds that her rate is above the range of fees ordinarily awarded for similar services in other cases.  Ms. Marimon is a 2014 graduate of Fordham Law School and has experience serving as lead counsel for multiemployer employee benefit plans in ERISA litigation.  (Pet. ¶ 5).  Over the course of the past two years, she has generally been awarded fees at rates spanning from $275 to $325 per hour by courts in this Circuit, including by this Court.  *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Manzo*, No. 21 Civ. 504 (LGS), 2021 WL 3082291, at *4 (S.D.N.Y. July 20, 2021) (awarding Ms. Marimon fees at an hourly rate of $275); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *JB Squared Constr. Corp.*, No. 20 Civ. 2659 (KPF), 2020 WL 6825693, at *6 (S.D.N.Y. Nov. 19, 2020) (awarding Ms. Marimon fees at an hourly rate of $325); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *All Flooring*

*Sols., LLC,* No. 19 Civ. 11065 (KPF), 2020 WL 2571042, at *6 (S.D.N.Y. May 21,
2020) (granting Ms. Marimon's request for attorneys' fees at a rate of $275 per
hour); *see also Trs. of N.E. Carpenters Health, Pension, Annuity, Apprenticeship,
& Labor Mgmt. Cooperation Funds* v. *Excel Installations, LLC*, No. 19 Civ. 3012,
2020 WL 429135 (ERK) (SMG), at *5 (E.D.N.Y. Jan. 27, 2020) (awarding Ms.
Marimon attorneys' fees at a rate of $300 per hour "given her position as
partner").  Conversely, when Ms. Marimon requested attorneys' fees at a rate of
$350 per hour for work performed in 2020, several courts declined to award
her that rate.  *See, e.g., Trs. of N.Y.C Dist. Council of Carpenters Pension Fund,
Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. &
Indus. Fund* v. *Earth Constr. Corp.*, No. 21 Civ. 1443 (JPC), 2021 WL 4975690,
at *4 (S.D.N.Y. Oct. 25, 2021) (reducing Ms. Marimon's rate to $325 per hour);
*Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity
Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Galt
Installations, LLC*, No. 20 Civ. 2582 (JGK), 2020 WL 6274774, at *3 (S.D.N.Y.
Oct. 26, 2020) (finding that $350 per hour was "above the range of fees
ordinarily awarded … for similar services in other cases"); *Trs. of N.Y.C. Dist.
Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund,
Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Shorecon-NY,
Inc.,* No. 17 Civ. 5210 (RA), 2020 WL 3962127, at *5 (S.D.N.Y. July 13, 2020)
(reducing Ms. Marimon's rate to $300 per hour for work performed in 2020);
*Triangle Enter. NYC, Inc.*, 2020 WL 2306484, at *5 (observing that "Ms.
Marimon [had requested] a rate of $275 per hour for work performed only two

14

to three months earlier"); *but see Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *1st Choice Constr. LLC*, No. 20 Civ. 7119 (LTS), 2021 WL 4482278, at *3 (S.D.N.Y. Sept. 30, 2021) (awarding Ms. Marimon her requested hourly rate of $350).  After reviewing the cases discussed above, the Court finds, as it has previously, that Ms. Marimon's continued practice and additional experience in this field of legal practice warrant a rate of $325 per hour in this case.  *See JB Squared Constr. Corp.*, 2020 WL 6825693, at *6.

Next, the Court finds that the requested rate of $275 per hour for the work performed by V&A associate Adrianna R. Grancio exceeds the appropriate rate for Ms. Grancio's work in this case.  Courts in the Second Circuit have consistently awarded Ms. Grancio fees at an hourly rate of between $225 and $250.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Eclipse Constr. Servs. Inc.*, No. 21 Civ. 7868 (GHW), 2021 WL 5567752, at *6 (S.D.N.Y. Nov. 26, 2021) (awarding reduced rate of $225 per hour for Ms. Grancio's work); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Piccini MNM, Inc.*, No. 19 Civ. 5258 (RA), 2021 WL 1791591, at *4 (S.D.N.Y. May 5, 2021) (observing that "[o]ther courts in this district have concluded that $225 an hour is an appropriate rate for associates of similar experience in ERISA matters" and reducing Ms. Grancio's rate from a requested $275 per hour to $225 per hour); *Trs. of N.E. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds* v. *Tiki Indus., Inc.*,

No. 19 Civ. 3295 (SJF) (ARL), 2021 WL 242266, at *5-6 (E.D.N.Y. Jan. 25, 2021) (awarding Ms. Grancio fees at a rate of $225 per hour); *Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity, & Apprenticeship, Skill Improvement & Safety Funds* v. *Shelbourne Constr. Corp.*, No. 19 Civ. 2312 (ARR) (PK), 2020 WL 1668041, at *8 (E.D.N.Y. Mar. 5, 2020), *report and recommendation adopted*, No. 19 Civ. 2312 (ARR) (PK), 2020 WL 1666461 (E.D.N.Y. Apr. 3, 2020) (recommending awarding Ms. Grancio fees at a rate of $250 per hour); *Trs. of Plumbers Loc. Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund, 401(k) Sav. Plan* v. *Temperini Mech. Inc.*, No. 18 Civ. 2596 (AMD) (LB), 2020 WL 571680, at *4 (E.D.N.Y. Jan. 13, 2020), *report and recommendation adopted sub nom. Trs. of Plumbers Loc. Union No. 1 Welfare Fund* v. *Temperini Mech. Inc.*, No. 18 Civ. 2596 (AMD) (LB), 2020 WL 565410 (E.D.N.Y. Feb. 5, 2020) (recommending that Ms. Grancio be awarded attorneys' fees at an hourly rate of between $250 and $260).  Accordingly, the Court finds that the appropriate rate for Ms. Grancio's work in this case is $250 per hour.

In sum, Petitioners' request for attorneys' fees is granted at the reduced rate of $325 per hour for Ms. Marimon's work, and the reduced rate of $250 per hour for Ms. Grancio's work.  Based on the submitted time records, these rates yield a total award of $862.50 in attorneys' fees.

Finally, the Court finds Petitioners' request for $77 in costs to be reasonable.  This minimal figure excludes the $400 in costs awarded by the Arbitrator, and appears to consist primarily of a service fee.  (Pet. ¶ 46).  The

16

Court will grant such "reasonable out-of-pocket expenses[.]" *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6.

## CONCLUSION

For the reasons explained above, the Petition is GRANTED.  The Clerk of Court is directed to enter judgment in the amount of $24,328.86, consisting of: (i) the arbitration award of $22,207.50; (ii) $1,181.86 in prejudgment interest; (iii) $862.50 in attorneys' fees; (iv) and $77 in costs.  Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:      April 15, 2022
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

17